985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale EDWARDS, Plaintiff-Appellant,
v.
Robert James MILLER; Dennis Gunsch; James Votypka; John
Doe, Defendants-Appellees.
 No. 92-3427.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Dale Edwards, proceeding without benefit of counsel, moves for in forma pauperis status on appeal from an order granting summary judgment in favor of defendants. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages in excess of $15 million, Edwards brought suit under 42 U.S.C. §§ 1983 and 1988. Edwards, a Cleveland Ohio Police Officer, sued fellow police officers Robert James Miller, Dennis Gunsch, James Votypka and John Doe. Edwards alleged that:
 
 
 3
 1) Robert James Miller (Miller) maliciously caused criminal charges to be brought against him without probable cause (malicious prosecution);
 
 
 4
 2) Miller maliciously caused him to be arrested, knowing that no probable cause existed for the arrest (false arrest);
 
 
 5
 3) Dennis Gunsch and James Votypka illegally seized $3,897.00 from him at the time of his arrest, without probable cause;
 
 
 6
 4) John Doe illegally seized an automobile in his possession at the time of his arrest, without probable cause; and,
 
 
 7
 5), 6) & 7) alleged state law claims for malicious prosecution, defamation and intentional infliction of emotional distress against defendant Miller.
 
 
 8
 The district court dismissed counts 1, 2 and 3 of the complaint on the grounds that defendants Miller, Gunsch and Votypka enjoyed qualified immunity. The court dismissed count 4 against John Doe pursuant to Rule 4(J) of the Federal Rules of Civil Procedure because John Doe was never identified or served with process. Finally, the court declined to exercise jurisdiction over the state tort claims contained in counts 5, 6 and 7 pursuant to United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Subsequently, the court granted Edwards's Motion for Relief from Judgment. After reconsidering its prior judgment, the court entered an Amended Judgment Entry and Order of Dismissal, granting summary judgment for the same reasons set forth in its March 31, 1992, Memorandum of Opinion.
 
 
 9
 Upon review, we find no error. The question of whether an official is protected by qualified immunity turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Individual claims of immunity must be analyzed on a fact-specific, case by case basis to determine whether the plaintiff's federal or constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendant's position would understand that what the official did violated those rights. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). The record is devoid of any evidence which establishes that Miller took any action which violated clearly established law.
 
 
 10
 Accordingly, Edwards's motion to proceed in forma pauperis is granted, and the district court's award of summary judgment in favor of Miller is affirmed for the reasons set forth in the district court's Memorandum of Opinion dated March 31, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.